UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **LARRY ANDERSON, JR.** | **CIVIL ACTION NO. 2:21-CV-0316** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **BOISE CASCADE COMPANY** | **MAG. JUDGE KATHLEEN KAY** |

**MEMORANDUM RULING**

Pending before this Court is a Motion for Summary Judgment [Doc. No. 10] filed by Defendant Boise Cascade Company ("Boise"). The Motion is unopposed.

For the reasons set forth herein, Boise's Motion for Summary Judgment is GRANTED.

**I.    FACTS AND PROCEDURAL HISTORY**

On January 13, 2021, Larry Anderson, Jr. ("Anderson") filed a Complaint in the 33rd Judicial District Court, Parish of Allen, against the Defendant, Boise. On February 5, 2021, a Notice of Removal was filed [Doc. No. 1] and the matter was removed to this Court.

Anderson's Complaint alleged he was entitled to damages against Boise as a result of his termination of employment by Boise on January 6, 2020. Anderson alleged that Boise, Anita Duck (Boise Human Resources), his unnamed supervisors, Union President Angela Hurst, and Greg Carter, Union President of United Brotherhood of Carpenters and Joiners of America,[1] failed to go through the correct suspension, termination, and all steps in the investigation and termination process.

Additionally, Anderson alleged that Boise, Anita Duck and Union President Angela Hurst singled him out with regard to his prior violations and/or grievances and/or did not properly document the violations that occurred.

---

[1] Only Boise is named as a defendant in the suit.

## II. LAW AND ANALYSIS

### A. Standard of Review

Summary judgment shall [be] grant[ed] … if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(A). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in this case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor.

In deciding unopposed summary judgment motions, the Fifth Circuit has noted that a motion for summary judgment cannot be granted simply because there was no opposition. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 fn.3 (5th Cir. 1995). The movant has the burden to establish the absence of a genuine issue of material fact and, unless it has done so, the court may not grant the motion, irrespective of whether any response was filed. *Powell v. Delaney*, 2001 WL 1910556, at 5-6 (W.D. Tex. June 14, 2001). Nevertheless, if no response to the motion for summary judgment has been filed, the court may find as undisputed the statement of facts in the motion for summary judgment. *Id*. at 1 and n.2; see also *Thompson v. Eason*, 258 F. Supp. 2d

508, 515 (N.D. Tex. 2003) (where no opposition is filed, the nonmovant's unsworn pleadings are not competent summary judgment evidence and movant's evidence may be accepted as undisputed). See also: *UNUM Life Ins. Co. of America v. Long*, 227 F. Supp. 2d 609 (N.D. Tex. 2002) ("Although the court may not enter a 'default' summary judgment, it may accept evidence submitted by [movant] as undisputed."); *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex.) ("A summary judgment nonmovant who does not respond to the motion is relegated to his unsworn pleadings, which do not constitute summary judgment evidence.").

The court has no obligation to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

    **B.**     **Analysis**

        **1.**     **Labor Management Relations Act**

The terms of Anderson's employment were governed by a Collective Bargaining Agreement ("CBA") between the Local 3101 CIV Carpenters Industrial Council ("the Union"). The CBA between Boise and the Union was effective from 2017 to July 15, 2021. The CBA provided for a four-step progressive disciplinary process.[2] Anderson went through this process, with his first violation beginning October 18, 2019, and ending with his fourth violation on November 19, 2019,[3] which led to his discharge on January 6, 2020.

Claims for violations of a CBA arise under Section 301 of the Labor Management Relations Act ("LMRA") 29 USC § 185(a). This applies to suits by individuals against their employers for breach of a CBA. *Bache v. American Tel & Tel.*, 840 F.2d 283 (5th Cir. 1988). Additionally, the LMRA preempts state law claims. *Allis-Chalmers Corp. v. Lueck*, 471 U.S.

---

[2] Declaration of Mark Bossier [Doc. No. 10-4].
[3] Exhibit Warning Notices [Doc. No. 10-6].

202, 210-11 (1985); *Baker v. Farmers Electric Co-op, Inc.*, 34 F.3d 274, 279 (5th Cir. 1994). Therefore, the LMRA applies to Anderson's claims.

Under the LMRA, an employer represented by a union[4] is bound by the decision reached in a final and binding grievance process of a CBA. A Court may not overturn such a decision unless the employee: (a) brings his claim within six months; (b) proves the union representing him breached his duty of fair representation; and (c) proves his employer violated the CBA.

It is unnecessary to examine steps (b) and (c) because Boise has provided evidence that shows Anderson did not bring his claim within six months. The six-month period begins to run when an employee knew or in the exercise of reasonable diligence should have known of the union's alleged breach of duty. *Landry v. Air Line Pilots Ass'n. Int'l Union, AFL-CI0*, 901 F.2d 404 (5th Cir. 1990).

Anderson received notice of his discharge in mid-January, 2020.[5] When asked whether the conduct Anderson claimed was a breach of the Union's duty, Anderson identified a January 21, 2020 text message in which Angela Hurst stated the matter was "out of her hands".[6] Therefore, Anderson was on notice of the alleged breach on January 21, 2020, almost a year before the Complaint was filed on January 13, 2021. This was additionally shown by January 2020 text messages from Anderson, in which he stated Ms. Hurst was not adequately representing him.[7] It is undisputable that Anderson was aware of the Union's alleged breach of duty in January, 2020 but did not file suit until January 13, 2021. Therefore, Boise is entitled to summary judgment.

---

[4] As Anderson was.
[5] [Doc. No. 10-3, Anderson deposition, ¶ 221].
[6] [Doc. No. 10-3, Anderson deposition, ¶¶ 301-302].
[7] [Doc. No. 10-24].

### III. CONCLUSION

For the reasons set forth herein, the Motion for Summary Judgment [Doc. No. 10] filed by Boise is GRANTED.

MONROE, LOUISIANA, this 22nd day of November, 2021.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE